UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| KRISSY L. GIBSON, | ) | |
| | ) | Case No. 3:19-cv-_____ |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | St. Clair County Circuit Court |
| | ) | Case No. 19-L-0013 |
| SD LOGISTICS, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant SD Logistics, Inc., pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, hereby files this Notice of Removal of the above-entitled action to the United States District Court for the Southern District of Illinois, and in support thereof, states as follows:

**A.      Venue is proper in the U.S. District Court for the Southern District of Illinois**

1.      The above-entitled action was filed by Plaintiff in St. Clair County, Illinois as Case No. 19-L-0013 on January 3, 2019.

2.      Pursuant to 28 U.S.C. §1446(a), venue lies in the United States District Court for the Southern District of Illinois, East St. Louis Division, because St. Clair County, Illinois is within the Southern District of Illinois.

**B.      The Procedural Requirements for Removal are Satisfied**

3.      The Complaint, which is attached hereto as part of Exhibit A, was filed in state court on January 3, 2019, and Defendant was served with the Summons and Complaint on February 27, 2019, at which time Defendant was first made aware of this lawsuit. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1).

4.      Written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the St. Clair County Clerk of Court pursuant to 28 U.S.C. §1446(d).

5.      Copies of all known process and pleadings served upon Defendant are filed contemporaneously with this Notice of Removal in accordance with 28 U.S.C. §1446(a).   See Exhibit A.

### C.      There is Diversity Among The Original Parties

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and removal to this Court is proper pursuant to 28 U.S.C. §1441(b)(2) because Plaintiff is a citizen of Illinois, and Defendant SD Logistics, Inc. is a Florida corporation with its principal place of business in Miami, Florida. Thus, there is complete diversity of citizenship between the parties.

7.      Plaintiff is an individual domiciled in Illinois; therefore, Plaintiff is a citizen of the State of Illinois.

8.      Defendant SD Logistics, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida; therefore, Defendant SD Logistics, Inc. is a citizen of the State of Florida.

### D.      The Amount in Controversy Exceeds $75,000

9.      The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

10.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, *except that* – (A) the notice of removal may assert the amount in controversy if the initial pleading seeks – (ii) a money judgment, but the State practice either does

not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2)(A)(ii).

11.     In Illinois, a prayer for relief in an action for injury to the person shall not plead ad damnum "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." 735 ILCS 5/2-604.

12.     Plaintiff alleges in her Complaint that she was caused to sustain injuries and damages in excess of $50,000.

13.     "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *See e.g. Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

14.     Given Plaintiff's allegations that she incurred "severe, permanent and progressive physical injuries to her neck, back and knees," including bones, joints, ligaments, tissues, cartilages and muscles to become fractured, ruptured, torn, dislocated, sprained and strained, as well as future medical care and treatment, medical expenses, loss of wages, diminished earning capacity, and loss of enjoyment of a normal life, a good faith estimate of the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is not legally certain that the amount in controversy is less than $75,000.

**WHEREFORE**, Defendant SD Logistics, Inc. removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

_/s/ Kevin L. Fritz_
_____

| | |
|---|---|
| Kevin L. Fritz | # 6295633 |
| Brian R. Betner | #6305481 |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri  63101
(314) 621-2939 – Telephone
(314) 621-6844 – Facsimile

20 East Main Street
Belleville, IL  62220-1602
(618) 233-5587 – Telephone
klfritz@lashlybaer.com
bbetner@lashlybaer.com

*Attorneys for Defendant SD Logistics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was electronically filed with the Clerk of the Court on March 21, 2019, to be served by operation of the Court's electronic filing system, upon:  Michael P. Corrigan, Nicole B. Knepper, Padberg, Corrigan & Appelbaum, 1926 Chouteau Avenue, St. Louis, MO 63104, michael@padberglaw.com, nicole@padberglaw.com, Attorneys for Plaintiff.

_/s/ Kevin L. Fritz_
_____